**BRAWLEY**

v.

**PLOUGH.**

Court of Common Pleas of Ohio,
Portage County.

Decided June 29, 1995.

*William Love* and *Gregory A. Huber,* for plaintiff.

*John J. Plough, pro se.*

GEORGE E. MARTIN, Judge.

This matter is before the court upon cross-motions for summary judgment on plaintiff's claims and defendant's counterclaims. The dispute involves plaintiff's claim for malicious prosecution, false arrest, negligence, and emotional distress, and defendant's counterclaims for unpaid attorney fees and emotional distress.

## A. FACTS PRESENTED

The facts are these. Plaintiff Joseph Brawley was being represented by defendant, John Plough, an attorney, in a disagreement over royalties from an oil and gas company. Plaintiff paid defendant a retainer of $250 for the services. Later, the two had a falling out over the representation, and defendant withdrew. This was announced in a letter to plaintiff dated June 2, 1993. That letter also indicated that defendant had expended far more hours than the retainer covered, but he would keep the retainer as full settlement of plaintiff's account.

Then, on July 7, 1993, in Ravenna, the two men met on the street outside the courthouse. Plaintiff requested the return of the retainer. Defendant refused. Words were exchanged. Plaintiff threatened to take care of the dispute, but not through the bar association. Defendant feared for his safety. The men parted.

Defendant immediately went to the Ravenna Police Department to report the occurrence. A report was prepared. The police talked to plaintiff about the incident, who denied making any threats.

Defendant went to the courthouse, where he requested a hearing on the issue of probable cause. He wanted to file a criminal complaint against plaintiff for menacing, a violation of R.C. 2903.22, a fourth degree misdemeanor. A judge of the municipal court held a hearing and determined that there was probable cause for the charge. The court authorized defendant to file a complaint, and a warrant was issued.

Plaintiff was arrested and brought to trial. At trial on the charges he was acquitted. These civil claims followed.

## B. APPLICATION OF LAW TO FACTS

### (1) Plaintiff's Claims

Plaintiff's principal claim is for malicious prosecution. The elements of malicious prosecution are as follows:

1. Malice in instituting or continuing a criminal prosecution;

2. Lack of probable cause; and

3. Termination of the prosecution in favor of the defendant (here plaintiff).

Admittedly, a criminal prosecution was instituted by defendant, which was terminated in favor of plaintiff. However, malice and lack of probable cause are necessary elements of such claim and must also be shown.

In a prefatory proceeding to the prosecution, and before the filing of the charge, defendant appeared before a judge of the municipal court for a hearing to determine whether probable cause existed for the charge alleged. After hearing

the testimony, that judge concluded that probable cause existed supporting the charge, and authorized defendant to file the offending criminal complaint. That judicial determination is now at the center of this dispute.

■ When a judge or magistrate, after hearing, finds probable cause for a criminal charge, that determination is binding for purposes of a subsequent civil proceeding and may be used collaterally to negate any imputation of lack of probable cause for the charges. This court concludes that such a procedure shields a complaining party from a later claim of lack of probable cause. That being concluded, plaintiff's claim lacks a necessary element, and his claim for malicious prosecution must therefore fail.

■ Plaintiff's claim is bottomed on the assertion that defendant did not tell the truth to the judge during the probable cause hearing, and that those misrepresentations resulted in the charges being approved by the judge. This argument, of necessity, sidesteps the testimonial immunity afforded witnesses in judicial proceedings.

Absolute testimonial immunity is not negated simply because the testimony was false. See *Erie Cty. Farmers' Ins. Co. v. Crecelius* (1930), 122 Ohio St. 210, 171 N.E. 97.

"[T]here is a very well established rule that no action lies to recover damages caused by perjury, false swearing, subornation of perjury, or an attempt to suborn perjury, whether committed in the course of, or in connection with, a civil action or a criminal prosecution, regardless of whether the perjurer was a party to, or a witness in, the action or proceedings. [Citations omitted.]

"* * * *

"[T]he giving of false testimony in a judicial proceeding, even though the allegation is made that the person giving the false testimony knew it to be false, *does not give rise* [either in common law or by statute] *to a civil action for damages resulting from [such] testimony.* " (Emphasis added.) *Schmidt v. State Aerial Farm Statistics, Inc.* (1978), 62 Ohio App.2d 48, 50–51, 16 O.O.3d 85, 86–87, 403 N.E.2d 1026, 1027–1028.

■ The cases make clear that testimonial immunity afforded all witnesses in judicial proceedings negates any claim for injuries causally linked to false testimony. See *Willitzer v. McCloud* (1983), 6 Ohio St.3d 447, 6 OBR 489, 453 N.E.2d 693. Thus, a witness in a judicial proceeding, such as defendant in this case, is immune to civil liability for injuries resulting from his giving of alleged false testimony—even where he knew his statements were false. *Elling v. Graves* (1994), 94 Ohio App.3d 382, 640 N.E.2d 1156.

No matter how distasteful this result may seem in individual cases, the results are outweighed by the strong judicial policy supporting frank, candid, and, if need be, fearless testimony before the court. To allow a civil claim to be based upon misstated or even perjured testimony would undermine the absolute immunity enjoyed by all witnesses in judicial proceedings and would detrimentally affect testimony out of fear of reprisal in the civil courts. That clearly cannot be the result here.

Similarly, the claims of false arrest, negligence, and intentional infliction of emotional distress based largely on the same conduct and resulting from the alleged false testimony must fail. See *Schmidt, supra.*

In addition, plaintiff's affidavit opposing summary judgment largely presents conclusions and arguments rather than facts. Sworn conclusions do not fulfill the requirement of raising questions of fact to avoid judgment, *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 582 N.E.2d 1040, and defendant's motion is granted on this additional ground.

### (2) Defendant's Counterclaims

We now turn to defendant's counterclaims for unpaid attorney fees and emotional distress. As to the fees, defendant's letter to plaintiff clearly released any claim defendant might have had for unpaid fees. As to the intentional infliction of emotional distress, the facts supporting such claim do not meet the standards set out in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, or *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, and therefore must be dismissed.

### C. STANDARD OF REVIEW

At this stage of the proceedings, the granting of judgment is only proper if reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. However, a nonmoving party cannot rest on his pleadings, but must produce some credible evidence on those issues upon which he bears the burden of proof at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, at paragraph three of the syllabus.

### D. CONCLUSION

Upon review of the pleadings, exhibit, affidavit, responses to admissions, and deposition filed herein, and construing the evidence most strongly in favor of the

defending party, the court finds that there exists no genuine issue as to any material fact, and each party is entitled to judgment as a matter of law on the claims asserted against him.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be and hereby is granted, and plaintiff's claims dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment be and hereby is granted, and defendant's counterclaims dismissed.

Costs to be taxed to defendant.

The Clerk is directed to serve upon all parties notice of this judgment and its date of entry upon the journal in accordance with Civ.R. 58(B).

SO ORDERED.

*Judgment accordingly.*