**HERSHEY, Appellee and Cross–Appellant,**

v.

**EDELMAN, Appellant and Cross–Appellee.**

[Cite as *Hershey v. Edelman,* 187 Ohio App.3d 400, 2010-Ohio-1992.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–400.

Decided May 6, 2010.

402

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Mark J. Sheriff, and Lauren S. Brill, for appellee and cross-appellant.

Zeiger, Tigges & Little L.L.P., Marion H. Little Jr., and Christopher J. Hogan, for appellant and cross-appellee.

CONNOR, Judge.

{¶ 1} This action involves cross-appeals, whereby both parties have appealed the judgment of the Franklin County Court of Common Pleas, which granted each party's motions for summary judgment, thereby defeating the complaint of plaintiff-appellee and cross-appellant, Robert S. Hershey ("plaintiff"), in replevin, as well as the counterclaims of defendant-appellant and cross-appellee, Lynn Edelman ("defendant"), for falsification and abuse of process. For the reasons that follow, we affirm.

{¶ 2} Plaintiff filed this replevin action to recover 276 cases of jackets, which he alleges that he owns and which were valued at $75,000. Plaintiff alleges that the property has been wrongfully detained by defendant.

{¶ 3} Plaintiff avers that he had an oral agreement with Bud Eichols, owner of Paisley Enterprises, whereby Paisley Enterprises would hold plaintiff's jackets in its warehouse for the purpose of embroidering them with college logos. After reaching this agreement, plaintiff subsequently delivered the jackets to the

warehouse used by Paisley Enterprises in 2004, which was located at 1178 Joyce Avenue, Columbus, Ohio. In early 2007, when plaintiff returned to the warehouse, the jackets were no longer there. Plaintiff was eventually able to track down the jackets through other business owners who used the warehouse and who directed him to a printing company called "Galactic."

{¶ 4} At Galactic, plaintiff was directed to defendant. Plaintiff informed defendant that he (plaintiff) was the owner of the jackets and demanded their return. However, defendant argued that he had purchased the jackets, on behalf of Columbus Lumber, Inc., d.b.a. Columbus Supply, without knowledge of plaintiff's ownership interest. Defendant refused to give the jackets to plaintiff. Plaintiff then filed a police report asserting that the jackets had been stolen.

{¶ 5} Eventually, in February 2008, plaintiff filed this civil action in replevin. In his affidavit in replevin, plaintiff alleged that he had "filed a police report that the items were stolen by the Defendant and that case is currently being investigated as a theft." Defendant filed an answer and counterclaim, asserting his counterclaims for falsification and abuse of process, based upon the statements contained within the affidavit in replevin and based upon statements regarding the police report filed by plaintiff.

{¶ 6} On May 15, 2008, a hearing was held on plaintiff's motion for an order of possession. During testimony before a magistrate, plaintiff clarified that he did not intend to claim that defendant had personally stolen his jackets. Instead, plaintiff asserted that he believed the jackets were transferred by Galactic, which he believed was owned by defendant Edelman, and thus presumably, defendant should have known that Galactic did not own the jackets because a member of the Galactic team had previously worked at Paisley Enterprises. At that same hearing, Columbus Police Detective Craig Bowen testified that defendant was not specifically named when plaintiff filed the police report alleging the theft of the jackets.

{¶ 7} In November 2008, both parties filed motions for summary judgment. Plaintiff filed a motion for partial summary judgment, moving the trial court to grant summary judgment in his favor as to defendant's counterclaims for falsification and abuse of process, while defendant filed a motion for summary judgment asking the trial court to grant summary judgment in his favor as to the underlying action in replevin, arguing that plaintiff had failed to sue the proper party and also could not recover against defendant as a bona fide purchaser without notice.

{¶ 8} On May 4, 2009, the trial court filed a decision and judgment entry granting plaintiff's motion for summary judgment on defendant's counterclaims and also granting defendant's request for summary judgment as to the underlying action in replevin.

{¶ 9} Defendant timely appealed and asserts the following assignment of error for our review:

> The trial court erred in granting summary judgment, under Rule 56 of the Ohio Rules of Civil Procedure, for Plaintiff on Defendant's counterclaims against Plaintiff for falsification under Ohio Revised Code § 2921.13 and for abuse of process.

{¶ 10} Plaintiff then filed a notice of cross-appeal and asserts the following single assignment of error:

> The Trial Court erred when it granted summary judgment in favor of Defendant Lynn Edelman as to Plaintiff/Cross–Appellant's action in replevin.

{¶ 11} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.* (1997), 123 Ohio App.3d 158, 162, 703 N.E.2d 841. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.* (1997), 122 Ohio App.3d 100, 103, 701 N.E.2d 383. We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 12} Summary judgment is proper only when the party moving for summary judgment demonstrates that (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 13} Additionally, a moving party cannot discharge its burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. Id.

{¶ 14} We shall first address plaintiff's cross-appeal and his assignment of error challenging the trial court's granting of summary judgment in favor of defendant regarding plaintiff's complaint in replevin.

{¶ 15} Plaintiff argues that the trial court erred in determining that an action in replevin could not be maintained individually against defendant. Plaintiff argues that the determination of who paid for the jackets is insignificant because

the real issue is who was in possession and constructive control of the jackets at the time the replevin action was initiated. He further argues that there is conflicting testimony as to whether or not defendant was in constructive possession of the jackets at issue, and therefore, genuine issues of material fact exist, making summary judgment inappropriate. We disagree.

{¶ 16} A replevin action is a possessory action filed on behalf of one entitled to possession, against one having possession and control of the property at the time the suit begins. *Long v. Noah's Lost Ark, Inc.*, 158 Ohio App.3d 206, 2004-Ohio-4155, 814 N.E.2d 555, ¶ 30. A replevin action is based upon an unlawful detention, regardless of whether or not an unlawful taking has actually occurred. Id.

{¶ 17} Defendant Edelman swears via affidavit that he is the manager of Columbus Lumber, Inc., d.b.a. Columbus Supply. Defendant also avers that he purchased the jackets in question from Paisley Enterprises on behalf of Columbus Supply using a check issued by Columbus Supply in the amount of $12,000 and that the purchase price of the jackets also included the forgiveness of a $5,000 loan, plus $500 interest, made by Columbus Supply to Paisley Enterprises. Defendant has produced copies of two checks in support of this argument.

{¶ 18} "The principle that shareholders, officers, and directors of a corporation are generally not liable for the debts of the corporation is ingrained in Ohio law." *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, ¶ 16, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.* (1993), 67 Ohio St.3d 274, 617 N.E.2d 1075, citing Presser, Piercing the Corporate Veil (1991) 1–4.

{¶ 19} In *Belvedere,* the Supreme Court of Ohio addressed the alter-ego doctrine and the ability of a plaintiff to "pierce the corporate veil" to reach an individual shareholder. The court established that individual shareholders could be held responsible when "(1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." Id. at paragraph three of the syllabus.

{¶ 20} In *Dombroski,* the Supreme Court of Ohio modified the second prong of the *Belvedere* test, holding that "the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, or a similarly unlawful act." *Dombroski,* 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538, at ¶ 29. The court went on to

emphasize that this limited expansion should be applied cautiously and only in circumstances of extreme shareholder misconduct. Id.

■ {¶ 21} Plaintiff cannot meet the requirements for piercing the corporate veil as set forth in *Belvedere* and *Dombroski*. Defendant, as an individual, is not the proper party to be sued, as the evidence demonstrates that the jackets were purchased by Columbus Supply and were within its control in a warehouse leased by Columbus Supply at 3915 East Main Street, Columbus, Ohio. In fact, defendant claims that while his wife is the president of the business, he is not even a shareholder in Columbus Supply, but rather just the manager of the business. Plaintiff has produced no evidence to dispute this assertion, which would create a genuine issue of material fact.

{¶ 22} Thus, despite plaintiff's contention that there is a genuine issue of fact as to whether or not defendant was in constructive possession of the jackets at issue, we find that there is no factual dispute as to whether defendant possessed the jackets in question, as there has been no evidence introduced to demonstrate that defendant, as an individual, possessed and/or controlled the jackets at the time this action was filed.

{¶ 23} Because we have determined that defendant was not the proper party to be sued, we need not address the issue of whether or not defendant was a bona fide purchaser without notice.

{¶ 24} Therefore, we hold that find the trial court properly granted summary judgment in favor of defendant with respect to plaintiff's action in replevin. Accordingly, plaintiff's assignment of error is overruled.

{¶ 25} Next, we address defendant's assignment of error challenging the trial court's grant of summary judgment in favor of plaintiff as to defendant's counterclaims.

■ {¶ 26} Defendant filed a two-count counterclaim asserting falsification and abuse of process. The falsification counterclaim is based principally upon the sworn statement contained in plaintiff's affidavit attached to his complaint in replevin: "Plaintiff has filed a police report that the items were stolen by the Defendant and that case is currently being investigated as a theft." Defendant submits that this affidavit conflicts with statements plaintiff made during his deposition and during the hearing on his motion for an order of possession, during which he denied specifically identifying defendant as the person who stole the jackets when he made his report to the police.

{¶ 27} The trial court found defendant's counterclaim for falsification, filed pursuant to R.C. 2921.13, to be improper because R.C. 2921.13 is a criminal statute that does not give rise to a civil cause of action. Defendant argues that

the trial court's finding is incorrect and directly contradicts the plain language of R.C. 2921.13(G), which states:

A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division.

{¶ 28} The falsification statute under R.C. 2921.13 reads:

(A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:

(1) The statement is made in any official proceeding.

(2) The statement is made with purpose to incriminate another.

(3) The statement is made with purpose to mislead a public official in performing the public official's official function.

* * *

(6) The statement is sworn or affirmed before a notary public or another person empowered to administer oaths.

{¶ 29} However, R.C. 2921.13 is a criminal statute contained within Title 29 of the Ohio Revised Code. Title 29 is a criminal title. See *Howard v. Supreme Court of Ohio*, 10th Dist. No. 04AP–1093, 2005-Ohio-2130, 2005 WL 1022911 (holding that R.C. 2921.13 is a criminal statute and finding that the plaintiff failed to point to any authority that permitted a civil action for alleged violations of R.C. 2921.13). Defendant has pointed to no authority, and our independent research has revealed none, that supports the advancement of an independent civil claim for falsification in a private action that is in fact an original action, without the initiation of criminal charges or criminal proceedings pursuant to R.C. 2921.13. Here, there is absolutely no evidence that defendant was arrested for or charged or indicted for a falsification offense.

{¶ 30} Additionally, in order to establish the elements of falsification, it must be demonstrated that the accused, under one of the situations identified in the statute, has *knowingly* made a false statement or *knowingly* sworn or affirmed the truth of a false statement previously made. Falsification cannot occur when a person unintentionally makes a false statement. *State ex rel. Nick Strimbu, Inc. v. Indus. Comm.*, 10th Dist. No. 03AP–71, 2004-Ohio-2991, 2004 WL 1277770.

{¶ 31} Defendant has failed to meet his reciprocal burden of setting forth evidence to demonstrate that plaintiff's statement was made knowing it was false

or that plaintiff intentionally made a false statement. Plaintiff's deposition testimony does not demonstrate that at the time he made the statement, he had an in-depth knowledge of the details of the police investigation into this matter, nor does it demonstrate knowledge as to all of the conclusions reached by police as to the classification of this matter as a civil or criminal action. Plaintiff's deposition demonstrates a belief that there was still an ongoing criminal investigation regarding the jackets, based upon the contact that he continued to have with the police investigators. Defendant has not refuted this assertion. Additionally, defendant has not demonstrated that plaintiff, as a lay person, understood defendant's relationship to the various business entities involved in this matter and knowingly made a false statement.

{¶ 32} Furthermore, the statements upon which defendant relies were made in the course of this litigation. In *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, we determined that allegedly false or fraudulent statements made via affidavits and trial testimony by attorneys, parties, or witnesses in a civil lawsuit failed to state a claim for falsification to recover damages, because parties are immune from civil suits for remarks made in connection with a civil action. Id. at ¶ 17, 19. See *DeBrosse v. Jamison* (Jan. 14, 1992), 2d Dist. No. 91–CA–26, 1992 WL 5851; *Forsyth v. Hall* (Mar. 14, 1997), 2d Dist. No. 16024, 1997 WL 165432; See also *Masek v. Marroulis*, 11th Dist. No. 2007–T–0034, 2007-Ohio-6159, 2007 WL 4098788, quoting *Brawley v. Plough* (1995), 75 Ohio Misc.2d 36, 39, 662 N.E.2d 905 (witness immunity "negates any claim for injuries causally linked to false testimony").

{¶ 33} Moreover, we note that some sections of the falsification statute set forth in R.C. 2921.13 have been found to constitute the lesser included offense of the crime of perjury. This is significant in that we have previously found that while perjury is punishable under a criminal statute, perjury cannot form the basis of a civil lawsuit. See *Morrow*, 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696. See also *Costell v. Toledo Hosp.* (1988), 38 Ohio St.3d 221, 527 N.E.2d 858; *Reasoner v. State Farm Mut. Auto. Ins. Co.* (Mar. 5, 2002), 10th Dist. No. 01AP–490, 2002 WL 338133; and *State v. Bell* (1994), 97 Ohio App.3d 576, 647 N.E.2d 193. This further supports our finding that the falsification statute is a criminal statute and that under the circumstances set forth in this case, a private, original, civil action cannot be pursued here.

{¶ 34} For all of these reasons, we overrule the first component set forth in defendant's assignment of error, which pertains to the trial court's granting summary judgment in favor of plaintiff on defendant's counterclaim for falsification.

{¶ 35} Finally, we address the second component of defendant's assignment of error, which challenges the trial court's granting of summary judgment in favor of plaintiff on defendant's counterclaim for abuse of process.

{¶ 36} Defendant argues that plaintiff's filing of a police report in this matter constitutes an abuse of process. Defendant submits that that filing was part of an effort to provide plaintiff with some leverage and/or to attempt to coerce defendant to give the jackets to plaintiff and that he was directly damaged as a result. Defendant argues that the trial court improperly granted summary judgment on this counterclaim on the sole ground that defendant had failed to allege evidence of direct damages. Defendant submits that the trial court incorrectly applied the Civ.R. 56(C) standard in granting summary judgment because the decision was based solely upon plaintiff's conclusory assertion that defendant lacked evidence to prove his claim, and that assertion lacked the appropriate evidentiary materials to support it.

{¶ 37} Assuming, for the sake of argument, that the trial court improperly granted summary judgment on this basis, the granting of summary judgment was proper because defendant cannot meet the second element of a claim for abuse of process.

{¶ 38} The three elements of a claim for abuse of process are "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp Schaeffer & Rowe Co.* (1994), 68 Ohio St.3d 294, 626 N.E.2d 115, paragraph one of the syllabus.

{¶ 39} An abuse-of-process claim may be raised as a permissive counter-claim in the underlying litigation, but it need not be raised as a compulsory counterclaim. Id. at 299, 626 N.E.2d 115.

{¶ 40} The tort of abuse of process is distinguishable from the tort of malicious civil prosecution. *Yaklevich*, 68 Ohio St.3d at 298, 626 N.E.2d 115. The key consideration in a malicious civil-prosecution action is whether probable cause was initially present to bring a previous suit, while the key consideration in an abuse-of-process action is whether an improper purpose was sought to be achieved by the use of a lawfully brought previous action. Id. at 300, 626 N.E.2d 115. The presence or absence of probable cause is the determining factor that divides the operation of the two torts. Id. at 301, 626 N.E.2d 115. An action is one for abuse of process " 'where the thing complained of is not that issuance of the process was wrongfully procured, but that, having been issued, it was wilfully perverted, so as to accomplish a result not commanded by it or lawfully obtainable under it.' " *Avco Delta Corp. v. Walker* (1969), 22 Ohio App.2d 61, 66,

51 O.O.2d 122, 258 N.E.2d 254, quoting 1 American Jurisprudence 2d 250, Section 2.

{¶ 41} " '[T]here is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' " *Yaklevich,* 68 Ohio St.3d at 298, 626 N.E.2d 115, quoting Prosser & Keeton, The Law of Torts (5th Ed.1984) 898.

{¶ 42} In the case sub judice, plaintiff argues, both in his motion for summary judgment before the trial court and in his appeal, that there is no evidence that he engaged in legal proceedings against defendant for any improper or ulterior purpose. In the proceedings before the trial court, defendant, in his memorandum contra, argued that plaintiff should not be granted summary judgment on this counterclaim because plaintiff was willing to go to great lengths to recover his property and even went so far as to threaten defendant with physical violence prior to filing the police report. Defendant argues that this conduct, along with the police report, is sufficient to show perversion of process. We disagree.

{¶ 43} Generally, throughout various parts of his brief, defendant seems to imply that plaintiff's filing of the police report (his initiation of legal process) was not commenced in proper form or with probable cause because defendant submits that he was a bona fide purchaser for value who purchased the jackets from a bailee without notice and that plaintiff was aware of that assertion. Such an assertion could potentially fit within the elements set forth for malicious civil prosecution. See *Avco Delta Corp.* (malicious prosecution can include actions for the malicious institution of criminal proceedings; malice and want of probable cause in procuring issuance of the process are essential elements of the action). More importantly, however, defendant has not refuted plaintiff's contention that he has failed to demonstrate the second element of an abuse-of-process claim: perversion of the proceeding in an effort to accomplish an ulterior purpose.

{¶ 44} Defendant's counterclaim for abuse of process is premised on the filing of a police report.[1] Yet the claim does not assert the improper use of process *after* it has been issued. Under *Yaklevich,* one of the key components in

---

1. Throughout his arguments, defendant seems to use the phrases "police report" and "criminal complaint" interchangeably. We note that while the record does support the assertion that defendant reported a theft to police, there is no evidence that a criminal complaint was sworn out that accused defendant of committing a theft. Typically, the use of the phrase "criminal complaint" refers to an official charging instrument that notifies the accused of the crime that he is alleged to have committed. Applying this meaning of the phrase, we find no evidence in the record that demonstrates that such a "criminal complaint" was filed, particularly in light of the fact that there is evidence in the record tending to show that the police report did not specifically allege defendant to be the perpetrator of the theft. However, because no one has disputed it, we will presume that the making of a police report is sufficient to set a legal proceeding in motion.

an abuse-of-process action is proof that an improper purpose was sought to be achieved by the use of a lawfully brought *previous* action. Here, defendant has not produced evidence raising a genuine issue of material fact as to whether there was improper activity that occurred *after* the police report was made and the "process" was set in motion. A claim alleging abuse of process asserts that the action or process itself (here, the filing of the police report) was proper or filed with sufficient probable cause, but that the proceeding itself was perverted or corrupted in order to accomplish an ulterior purpose. Defendant has failed to allege that anything improper or corrupt occurred after the process was set in motion that would serve to pervert the proceeding.

{¶ 45} In his memorandum contra to plaintiff's motion for partial summary judgment filed in the trial court, defendant asserts that plaintiff's actions were "part and parcel of an intimidation effort undertaken by [plaintiff] to extort the return of personal property that he is not entitled to recover." Defendant argues that there is a genuine issue of material fact regarding whether threats were made, because plaintiff denied making such threats in his deposition testimony, yet defendant has alleged only that threats were made prior to the filing of the police report.

{¶ 46} Furthermore, defendant has not met his burden of setting forth specific facts to show that there is a genuine issue for trial regarding the allegation that plaintiff attempted to accomplish an ulterior purpose after filing the police report. Plaintiff's own deposition testimony supports his assertion that he believes that he is the true owner of the jackets in question, that he is entitled to possession of those jackets, that he wished to have the jackets returned to him, and that he believed that the police were investigating this matter. Defendant has set forth nothing to refute this or to raise a genuine issue of material fact.

{¶ 47} Quite simply, the facts and circumstances set forth here do not fit all the required elements for the tort of abuse of process, particularly the second element. Accordingly, we overrule the second component of defendant's assignment of error as it relates to the trial court's granting of summary judgment in favor of plaintiff on defendant's counterclaim for abuse of process.

{¶ 48} As a final matter, we note that defendant has requested this court to order plaintiff to pay defendant's reasonable expenses, including attorney fees and costs, pursuant to App.R. 23. The request is denied.

{¶ 49} In conclusion, we overrule plaintiff's sole assignment of error. We also overrule both components of defendant's single assignment of error. The judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

TYACK, P.J., and SADLER, J., concur.