[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Buddenberg v. Weisdack*, Slip Opinion No. 2020-Ohio-3832.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-3832

BUDDENBERG *v.* WEISDACK ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Buddenberg v. Weisdack*, Slip Opinion No. 2020-Ohio-3832.]

*Civil actions—Civil cause of action pursuant to R.C. 2307.60 for injuries based on a criminal act does not require an underlying criminal conviction— Criminal conviction for intimidation is not a condition precedent to civil claim pursuant to R.C. 2921.03(C).*

(No. 2018-1209—Submitted November 13, 2019—Decided July 29, 2020.)

ON ORDER from the United States District Court for the Northern District of Ohio, Eastern Division, Certifying Questions of State Law, No. 1:18-cv-00522-DAP.

_____

**O'CONNOR, C.J.**

{¶ 1} This case is before us on the certification of state-law questions by the United States District Court for the Northern District of Ohio, Eastern Division. The federal court asks that we answer the following questions:

1. Does [R.C.] 2307.60's creation of a civil cause of action for injuries based on a "criminal act" require an underlying criminal conviction?

2. Is a criminal conviction a condition precedent to a civil claim pursuant to [R.C.] 2921.03?

{¶ 2} We answer the certified state-law questions in the negative.

**Relevant Background**

{¶ 3} The federal court provided the following facts and allegations from which the questions of law arise. Respondent, Rebecca Buddenberg, is the plaintiff in the underlying action filed in the United States District Court for the Northern District of Ohio, Eastern Division. She brought a civil-rights action pursuant to federal and Ohio anti-discrimination laws against the petitioners here, including: her former employer, the Geauga County Health District; her former supervisor, Geauga County Health Commissioner Robert K. Weisdack; the Geauga County Health District's attorney, James Budzik; and certain members of the Geauga County Board of Health.

{¶ 4} Relevant here, Buddenberg's complaint asserts claims for civil liability pursuant to R.C. 2307.60 for alleged violations of three criminal statutes: R.C. 2921.05 (retaliation); R.C. 2921.03 (intimidation); and R.C. 2921.45 (interfering with civil rights). The relevant defendants moved to dismiss those claims, arguing that Buddenberg cannot state a claim for relief because none of the defendants were convicted of the underlying criminal offenses. The federal court denied the motions to dismiss without prejudice, "finding no clear authority on whether a conviction is a condition precedent to civil liability pursuant to [R.C.] 2307.60."

**The State Law Questions**

{¶ 5} Following the denial of their motion to dismiss, the petitioners moved to certify state-law questions to this court. The federal court certified the following questions:

> 1. Does [R.C.] 2307.60's creation of a civil cause of action for injuries based on a "criminal act" require an underlying criminal conviction?
>
> 2. Is a criminal conviction a condition precedent to a civil claim pursuant to [R.C.] 2921.03?

We agreed to answer the questions. 153 Ohio St.3d 1502, 2018-Ohio-4288, 109 N.E.3d 1259.

**Analysis**

***Does R.C. 2307.60 require an underlying criminal conviction?***

{¶ 6} In its decision certifying the questions, the federal court noted that this court recently held that R.C. 2307.60 "independently authorizes a civil action for damages caused by criminal acts." *See Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, 75 N.E.3d 203. The federal court recognized, however, that *Jacobson* left unanswered what a plaintiff must do to prove a claim under R.C. 2307.60. We are now presented the opportunity to answer whether a plaintiff must prove the existence of an underlying criminal conviction to support his or her claim for civil liability under R.C. 2307.60.

{¶ 7} R.C. 2307.60(A)(1) states:

> Anyone injured in person or property by a *criminal act* has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil

action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code.

(Emphasis added.)

{¶ 8} Petitioners argue that a plain reading of the statute shows that the General Assembly intended for there to be an underlying conviction before civil liability could be imposed. Petitioners also argue that the requirement of an underlying conviction in R.C. 2307.60 is supported by a review of the legislative history.

{¶ 9} Buddenberg counters that the statute predicates civil liability on a "criminal act" rather than a "conviction" and that the plain meaning of those terms is distinct. Buddenberg also argues that the absence of a conviction requirement is supported by the statute's structure, history, and purpose.

{¶ 10} When a court interprets the meaning of a statute, "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage," R.C. 1.42, and the court must give effect to all of the statute's words, *Bryan v. Hudson*, 77 Ohio St.3d 376, 380, 674 N.E.2d 678 (1997). "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). Additionally, a court must give effect " ' "to the natural and most obvious import of [a statute's] language, without resorting to subtle and forced constructions." ' " *Lancaster v. Fairfield Cty. Budget Comm.*, 83 Ohio St.3d 242, 244, 699 N.E.2d 473 (1998), quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 627, 64 N.E. 574 (1902), quoting *McCluskey v. Cromwell*, 11 N.Y. 593, 601 (1854); *see also Ohio*

*Neighborhood Fin., Inc. v. Scott*, 139 Ohio St.3d 536, 2014-Ohio-2440, 13 N.E.3d 1115, ¶ 22.

{¶ 11} We agree with Buddenberg that the plain language of the statute does not require proof of an underlying criminal conviction.

{¶ 12} First, the word "conviction" is noticeably absent from R.C. 2307.60(A)(1). That subdivision states that "[a]nyone injured in person or property by *a criminal act* has, and may recover full damages in, a civil action unless specifically excepted by law * * *." (Emphasis added.) *Id*. Petitioners argue that the use of the word "criminal" indicates the General Assembly intended that there must be an underlying conviction before an individual may recover damages. They argue that "for a crime to have been committed there must necessarily be a conviction." Petitioners also point to the definition of "criminal act" as an "unlawful act that subjects the actor to prosecution under criminal law." *Black's Law Dictionary* 30 (10th Ed.2014).

{¶ 13} But crimes can be committed without a conviction. They often are. The fact that a person's actions subject him or her to prosecution in no way establishes that he or she will in fact *be* prosecuted. And being *subjected* to prosecution, as mentioned in the definition in *Black's Law Dictionary*, does not mean a conviction necessarily results. It is certainly possible for an individual to commit an unlawful act and be prosecuted, yet evade conviction for a variety of reasons. Thus, we do not read the phrase "a criminal act" to mean "a criminal act that resulted in a conviction."

{¶ 14} Second, reading a conviction requirement into R.C. 2307.60(A)(1) renders R.C. 2307.60(A)(2) superfluous. R.C. 2307.60(A)(2) provides:

> A final judgment of a trial court that has not been reversed on appeal or otherwise set aside, nullified, or vacated, entered after a trial or upon a plea of guilty, but not upon a plea of no contest or

the equivalent plea from another jurisdiction, that adjudges an offender guilty of an offense of violence punishable by death or imprisonment in excess of one year, when entered as evidence in any subsequent civil proceeding based on the criminal act, shall preclude the offender from denying in the subsequent civil proceeding any fact essential to sustaining that judgment, unless the offender can demonstrate that extraordinary circumstances prevented the offender from having a full and fair opportunity to litigate the issue in the criminal proceeding or other extraordinary circumstances justify affording the offender an opportunity to relitigate the issue. The offender may introduce evidence of the offender's pending appeal of the final judgment of the trial court, if applicable, and the court may consider that evidence in determining the liability of the offender.

This language establishes that a final judgment of guilt as described in the statute may provide a rebuttable evidentiary presumption. But if an underlying conviction was the *only* basis on which civil liability could be established for a "criminal act," there would be no need to carve out a presumption for evidence of a conviction. In other words, R.C. 2307.60(A)(2) permits the use of a conviction as evidence, but does not require it.

### *Is a criminal conviction a condition precedent to a civil claim pursuant to R.C. 2921.03?*

{¶ 15} R.C. 2921.03(A) describes the elements required for the criminal offense of intimidation, a third-degree felony. R.C. 2921.03(C) provides:

A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to

6

person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

{¶ 16} Petitioners argue that the plain language of R.C. 2921.03(C) makes a criminal conviction a prerequisite for civil liability because "[t]he only way to have a criminal violation and a committed offense is through a conviction." Petitioners also argue that other uses of the word "offense" in the Revised Code require an underlying conviction.

{¶ 17} Buddenberg counters that the text and the structure of the statute do not demonstrate that the General Assembly intended for a conviction to be a prerequisite to civil liability and that the legislative history and purpose support such a conclusion.

{¶ 18} For similar reasons as those discussed above with respect to the language in R.C. 2307.60, we conclude that civil liability under R.C. 2921.03(C) is not limited to a person convicted of intimidation. The word "conviction" is absent from the statutory language. And we are not persuaded by petitioners' argument that the "commission of the offense" necessarily means that a formal declaration of criminal guilt has occurred.

{¶ 19} R.C. 2921.03(C) provides for civil liability against a "person who violates" the intimidation statute, but it does not say that liability is limited to someone who is *found guilty* of violating the statute. Petitioners point to R.C. 2921.13, which contains language similar to R.C. 2921.03(C) and attaches civil liability to a falsification offense. *See* R.C. 2921.13(G). In one case cited by petitioners, the Tenth District Court of Appeals declined to recognize a civil claim

SUPREME COURT OF OHIO

for falsification "without the initiation of criminal charges or criminal proceedings" under the statute. *Hershey v. Edelman*, 187 Ohio App.3d 400, 2010-Ohio-1992, 932 N.E.2d 386, ¶ 29 (10th Dist.). The court noted, "Here, there is absolutely no evidence that defendant was arrested for or charged or indicted for a falsification offense." *Id.* But, as explained above with respect to R.C. 2307.60, the *initiation* of criminal proceedings does not necessarily mean a conviction results from those proceedings. Thus, *Hershey* does not support petitioners' argument that the statute requires a conviction.

{¶ 20} Petitioners also argue that the term "offense" as used in R.C. 2921.03(C) is synonymous with "crime," and that both terms are used to mean "acts that have been the subject of criminal proceedings." But, again, being the subject of a criminal proceeding is not the equivalent of being convicted of the crimes charged. And the word conviction is not in the statute. Without any clear indication from the legislature in the language of the statute that a conviction is required, we decline to read such intent into the statute.

{¶ 21} Reading R.C. 2921.03(C) as petitioners request would require us to add words to the statute. *See Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147, ¶ 24. We instead construe R.C. 2921.03(C) as written and conclude that the plain language does not require a criminal conviction as a prerequisite for civil liability.

### Conclusion

{¶ 22} For the foregoing reasons, we answer the certified state-law questions in the negative.

So answered.

FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

———————————

The Chandra Law Firm, L.L.C., Subodh Chandra, Sandhya Gupta, and Donald P. Screen, for respondent.

Gallagher Sharp, L.L.P., Monica A. Sansalone, Timothy T. Brick, and Maia E. Jerin, for petitioner James Budzik.

Mazanec, Raskin & Ryder Co., L.P.A., Frank H. Scialdone, and Todd M. Raskin, for petitioners Robert Weisdack, Geauga County Health District, Tim Goergen, David Gragg, Catherine Whitright, Christina Livers, and Alta Wendell.

Paul W. Flowers Co., L.P.A., and Louis E. Grube; and Elizabeth Well, in support of respondent for amicus curiae Ohio Crime Victim Justice Center

Paul W. Flowers Co., L.P.A., and Louis E. Grube; and Camille Crary, in support of respondent for amicus curiae Ohio Alliance to End Sexual Violence.

Paul W. Flowers Co., L.P.A., and Louis E. Grube, in support of respondent for amicus curiae Ohio Now Education and Legal Fund.

Frantz Ward, L.L.P., and Kelley Barnett, in support of respondent for amicus curiae Cleveland Rape Crisis Center.

Bonezzi, Switzer, Polito & Hupp Co., L.P.A., and William A. Peseski, in support of petitioners for amicus curiae Ohio Association of Civil Trial Attorneys.

Isaac, Wiles, Burkholder & Teetor, L.L.C., Mark Landes, and Dale D. Cook, in support of petitioners for amici curiae Ohio School Boards Association, Ohio Transit Risk Pool, and County Commissioners Association of Ohio.

Dave Yost, Attorney General, Benjamin M. Flowers, State Solicitor, and Michael J. Hendershot, Chief Deputy Solicitor, in support of neither party for amicus curiae the State of Ohio.

––––––––––––––