[Cite as *Viola v. N. Royalton*, 2021-Ohio-3239.]

| | |
|---|---|
| ANTHONY VIOLA | Case No. 2020-00477PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>DECISION</u> |
| CITY OF NORTH ROYALTON | |
| Respondent | |

{¶1} Pursuant to Civ.R. 60(B), Requester Anthony Viola moves for relief from this Court's judgment of March 11, 2021.  Viola's Civ.R. 60(B) motion is not well taken.

## I.  Background

{¶2} On August 6, 2020, pursuant to R.C. 2743.75(D), Viola filed a complaint against Respondent City of North Royalton (City) wherein he alleged, "I filed a public records request with the City of North Royalton asking them to produce e mails between city councilman Dan Kasaris and several individuals, but the city refused to search a personal Yahoo email account utilized by Kasaris and that affixed his official title as a city councilman as a signature."  The case was referred to mediation.  After mediation failed to successfully resolve all disputed issues between the parties, a Special Master issued a Report and Recommendation wherein he recommended that the Court find that Viola had not shown that the City violated R.C. 149.43(B).  Viola objected to the Report and Recommendation.  The Court overruled Viola's objections and adopted the Report and Recommendation on March 11, 2021.  The Court's docket shows that Viola appealed from this Court's final judgment and that he later voluntarily dismissed the appeal.

{¶3} On August 6, 2021, Viola moved for relief under Civ.R. 60(B) and he asked for a hearing on his motion.  Viola maintains in the Civ.R. 60(B) motion that his motion, along with accompanying exhibits, demonstrates that he is entitled to relief from this Court's final judgment.  Viola served his Civ.R. 60(B) motion "via email and regular U.S.

mail, postage prepaid" on July 29, 2021, according to a certificate of service accompanying Viola's motion. Thus, pursuant to Civ.R. 6(C)(1), Civ.R. 6(D), and L.C.C.R. 4(C), the City was permitted to serve a response to Viola's Civ.R. 60(B) motion by August 16, 2021, at the latest. Thus far, the City has not filed a response to Viola's motion.

{¶4} Twelve days after Viola filed his Civ.R. 60(B) motion, without leave, Viola filed additional documents, which are voluminous, that, according to Viola, "confirm Senior Assistant Ohio Attorney General Daniel Kasaris utilized his private Yahoo email account to conduct official business and make materially false statements to this Court in prior proceedings." The additional documents include email correspondence from a person who appears to be Kasaris' personal financial planner. Such correspondence lacks a sufficient nexus with Karsaris' duties as a councilperson for the City of North Royalton. Other documents refer to matters forwarded by Kasaris to his own public email account, and to complaints of various types (e.g. a fallen tree branch) that were not responded to by Kasaris on his private email account. In essence, Viola has failed to show a sufficient nexus between Kasaris' private email account and actions taken by him as a member of the North Royalton City Council.

## II. Law and Analysis

### A. The General Assembly has established a special proceeding in R.C. 2743.75 that does not expressly permit the filing of post-judgment motions.

{¶5} A special proceeding may be defined as a proceeding "involving statutory or civil remedies or rules rather than the rules or remedies ordinarily available under rules of procedure; a proceeding providing extraordinary relief." *Black's Law Dictionary* 1458 (11th Ed.2019). *Accord* R.C. 2505.02(A)(2) (final order) ("special proceeding" "means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity"). The enactment of R.C. 2743.75

has created a special proceeding in this Court to resolve public-records disputes. *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11 ("[u]ntil the 2016 enactment of R.C. 2743.75, an action in mandamus under R.C. 149.43(C) was the remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. * * * The enactment of R.C. 2743.75 created an alternative means to resolve public-records dispute").

{¶6} The General Assembly plainly and unambiguously has failed to include a provision in R.C. 2743.75 that permits the filing of post-judgment motions. *See* R.C. 2743.75. The Ohio Supreme Court has held, "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation. An unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus. R.C. 2743.75 therefore should be applied, as written. *Accord Buddenberg v. Weisdack*, 161 Ohio St.3d 160, 2020-Ohio-3832, 161 N.E.3d 603, ¶ 10, quoting *Lancaster v. Fairfield Cty. Budget Comm.*, 83 Ohio St.3d 242, 244, 699 N.E.2d 473 (1998), quoting *Slingluff v. Weaver*, 66 Ohio St. 621, 627, 64 N.E. 574 (1902), quoting *McCluskey v. Cromwell*, 11 N.Y. 593, 601 (1854) ("a court must give effect ""to the natural and most obvious import of [a statute's] language, without resorting to subtle and forced constructions"""); *State v. Smith*, 34 Ohio App.3d 180, 187, 517 N.E.2d 933 (5th Dist.1986) ("when the legislature has a deliberate and conscious purpose to accomplish a desired result, it is not 'tongue-tied'").

{¶7} Even if Viola's Civ.R. 60(B) motion presented the Court with an occasion to resort to rules of statutory interpretation, a review of R.C. 2743.75 shows that the General Assembly explicitly <u>limited</u> motion practice under the framework established in the statute. *See* R.C. 2743.75(E)(2) (providing that "[n]o further motions or pleadings shall be accepted by the clerk of the court of claims or by the special master assigned by the clerk under [R.C. 2743.75(D)(2)] unless the special master directs in writing that

a further motion or pleading be filed").  A conclusion that post-judgment motions are not permitted under R.C. 2743.75 thus squares with the overall context of the statute.  *See Gabbard v. Madison Local School Dist. Bd. of Edn.*, 2021-Ohio-2067, ¶ 22 (Ohio Supreme Court precedent "requires courts to read a statute as a whole and to not dissociate words and phrases from that context").

{¶8} The Ohio Supreme Court held more than 100 years ago, "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction." *Slingluff v. Weaver*, 66 Ohio St. 621, 621, 64 N.E. 574 (1902), paragraph two of the syllabus.  *Accord Cyan, Inc. v. Beaver Cty. Employees. Retirement Fund*, ___U.S.___, 138 S.Ct. 1061, 1069, 200 L.Ed.2d 332 (2018) ("[t]he statute says what it says—or perhaps better put here, does not say what it does not say").  Here, the General Assembly has plainly and unambiguously expressed that post-judgment motions are not permitted under R.C. 2743.75.  The General Assembly therefore should be held to mean what it has plainly and unambiguously expressed without resorting to statutory interpretation.

**B. The Ohio Rules of Civil Procedure govern practice and procedure under R.C. 2743.75, except as inconsistent with R.C. 2743.75.**

{¶9} The General Assembly has established that certain practices and procedures in R.C. Chapter 2743 shall be governed by the Ohio Rules of Civil Procedure.  *See* R.C. 2743.03(D).  Pursuant to R.C. 2743.03(D), the "Rules of Civil Procedure shall govern practice and procedure in all actions in the court of claims, except insofar as inconsistent with this chapter."  The special proceeding set forth in R.C. 2743.75 is contained within R.C. Chapter 2743.  In accordance with R.C. 2743.03(D), post-judgment motions (as allowed by the Ohio Rules of Civil Procedure) therefore are permitted under R.C. 2743.75, to the extent that such motions are consistent with practices and procedures established in R.C. 2743.75.

{¶10} The special proceeding established in R.C. 2743.75 provides a dissatisfied party with a mechanism to relieve such a party from this Court's final judgment without seeking redress under the Ohio Rules of Civil Procedure. *See* R.C. 2743.75(G)(1) (permitting a party under certain circumstances to challenge a judgment of this Court by means of an appeal to an Ohio court of appeals). Thus, a Civ.R. 60(B) motion that seeks relief from this Court's final judgment arguably may be inconsistent with the practices and procedures of R.C. 2743.75.

{¶11} The General Assembly created the special proceeding in R.C. 2743.75 to "provide for an *expeditious and economical procedure.*" (Emphasis added.) R.C. 2743.75(A). If this Court were to entertain a post-judgment motion that—(1) is not expressly permitted under R.C. 2743.75, (2) is inconsistent with practices and procedures established in R.C. 2743.75, and (3) hinders the "expeditious and economical procedure" envisioned by the General Assembly in R.C. 2743.75—such a judicial decision would impermissibly allow a judicial policy choice to override a valid law enacted by the General Assembly. *See State ex rel. Tritt v. State Emp. Rels. Bd.*, 97 Ohio St.3d 280, 2002-Ohio-6437, 779 N.E.2d 226, ¶ 17 ("[b]ecause the General Assembly is the final arbiter of public policy, judicial policy preferences may not be used to override valid legislative enactments"); *see also State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 44, quoting *Kish v. Akron,* 109 Ohio St.3d 162, 2006 Ohio 1244, 846 N.E.2d 811, ¶ 44, quoting *State ex rel. James v. Ohio State Univ.*, 70 Ohio St.3d 168, 172, 637 N.E.2d 911 (1994) ("'the General Assembly is the ultimate arbiter of policy considerations relevant to public-records laws * * * and it is for the legislature to "weigh[] and balance[] the competing public policy considerations between the public's right to know how its state agencies make decisions and the potential harm, inconvenience or burden imposed on the agency by disclosure"'").

Viola conspicuously has not identified legal authority that establishes that a party may seek Civ.R. 60(B) relief from a judgment issued under R.C. 2743.75. Neither has Viola offered any analysis to show that a Civ.R. 60(B) motion is consistent with the practices and procedures set forth in R.C. 2743.75. At the outset, Viola's contention that, pursuant to Civ.R. 60(B), this Court should vacate its lawful judgment is suspect.

## C. Viola's motion and additional material do not warrant relief under Civ.R. 60(B).

{¶12} Under Civ.R. 60(B) a court is permitted to relieve a party or his legal representative from a final judgment in certain circumstances. *See* Civ.R. 60(B). But, as Supreme Court of Ohio has explained, "It is well established that a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and that the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 16, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 8-9. And, as further explained by the Ohio Supreme Court, "Civ.R. 60(B) exists to resolve injustices that are so great that they demand a departure from the strict constraints of res judicata. * * * [T]he rule does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision." *Kuchta* at ¶ 15.

{¶13} Since Viola voluntarily dismissed his appeal from this Court's final judgment, Viola may not use his Civ.R. 60(B) motion to obtain relief from Viola's own choice to voluntarily forgo an appeal. The Court disapproves any attempt by Viola to use his Civ.R. 60(B) motion as a substitute for an appeal.

Viola states in his Civ.R. 60(B) motion:

Taken together, the evidence presented herein confirms that Kasaris:

■ Integrated his Yahoo email account with his official email account;

■ Made materially false statements to this Court; and

■ Possesses public records on his Yahoo email account. The foregoing facts and newly discovered evidence triggers an obligation of the part of the Respondent to - at the very least - search the Yahoo account for public records, and requires the Court to vacate its final judgment in this matter.

(Viola's Civ.R. 60(B) motion.)

{¶14} The Ohio Supreme Court has established elements that a movant is required to establish to prevail under Civ.R. 60(B). The Ohio Supreme Court has instructed,

[T]o prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146, 1 Ohio Op. 3d 86, 351 N.E.2d 113, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if any one of the foregoing requirements is not satisfied. *Strack v. Pelton* (1994), 70 Ohio St. 3d 172, 174, 637 N.E.2d 914, 915.

*State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶15} An evidentiary hearing "is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." *Seidner* at 151, citing *S. Ohio Coal Co. v. Kidney*, 100 Ohio App. 3d 661, 667, 654 N.E.2d 1017 (1995). Under Ohio law, "'[t]he allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony.'" *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 21, quoting *Producers*

*Credit Corp. v. Voge*, 12th Dist. Preble No. CA2002-06-009, 2003-Ohio-1067, ¶ 31. *Accord Cleveland Excavating v. Elyria Savs. & Trust*, 8th Dist. Cuyahoga No. 77910, 2000 Ohio App. LEXIS 5689, at *6 (Dec. 7, 2000) (a "Civ.R. 60(B) motion may not be granted, however, absent admissible evidence establishing a meritorious Civ.R. 60(B) motion"). The Twelfth District Court of Appeals has explained,

> "If a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief because that party has failed to meet its burden of asserting facts entitling the party to relief." *Bank of New York Mellon v. Stefanidis*, 10th Dist. Franklin No. 11AP-157, 2011-Ohio-6455, ¶ 12. *See also Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974) ("If the material submitted by the movant in support of its motion contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to refuse to grant a hearing and overrule the motion"). "Mere general allegations and mere conclusions of law are not sufficient to justify relief from judgment." *Tri-County Pavings, Inc. v. Everman*, 12th Fayette Dist. No. CA91-11-024, 1992 Ohio App. LEXIS 2928, 1992 WL 126260, *1 (June 8, 1992).

*Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, at ¶ 22.

{¶16} As to the issue of fraud, the Ohio Supreme Court has stated, "It is generally agreed that '* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense.' 11 Wright & Miller, Federal Practice and Procedure (1973) 253, Section 2870. Thus, in the usual case, a party must resort to a motion under Civ. R. 60(B)(3). Where an officer of the court, *e.g.,* an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ. R. 60(B)(5) motion for relief from judgment. See [*Toscano* v. *Commr. of Internal Revenue*,

441 F. 2d 930, 933 (9th Cir.1971)]." *Coulson v. Coulson*, 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983). *See also Kuchta*, *supra*, at ¶ 13.

{¶17} This Court previously considered—and rejected—Viola's claim that former Council Member Kasaris submitted contradictory affidavits, which, in turn, allegedly rendered Kasaris' denials of keeping emails relating to his work as a member of North Royalton City Council suspect, thereby necessitating the City to search Kasaris' private email. (Decision and Entry, (March 11, 2021)). And the Court previously concluded that a claim that a private email account may contain public records is insufficient to authorize a search of that email account. (Decision and Entry (March 11, 2021)).

{¶18} Viola's complaint against the City placed at issue whether the City violated R.C. 149.43(B) by denying Viola access to public records. *See* R.C. 2743.75(A) (establishing that, except for a court that hears a mandamus action pursuant to R.C. 149.43(B), the Ohio Court of Claims is the sole and exclusive authority in Ohio that adjudicates or resolves complaints based on alleged violations of R.C. 149.43(B)). In the Civ.R. 60(B) motion, Viola conflates the issue of the City's alleged violation of R.C. 149.43(B) with a contention that Daniel Kasaris engaged in misconduct in his service as a councilmember and an assistant attorney general. This Court lacks jurisdiction to determine whether Daniel Kasaris did or, did not, engage in misconduct when he served as a councilmember or as an assistant attorney general. *See* R.C. 2743.03(A) and 2743.75(A).

{¶19} Upon review of Viola's Civ.R. 60(B) motion and additional material, the Court finds that Viola has not established a meritorious claim to present if the requested relief were granted. The Court further finds that neither Viola's Civ.R. 60(B) motion nor additional material alters the Court view that a claim that a private email account may contain public records is insufficient to authorize a search of that email account. The Court respectfully disagrees with Viola's claim that the "facts" and "newly discovered evidence" "triggers an obligation of the part of the Respondent to - at the very least -

search the Yahoo account for public, and requires the Court to vacate its final judgment in this matter."

{¶20} The Ohio Supreme Court has explained, "A claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection." *Strack v. Pelton*, 70 Ohio St.3d 172, 175, 637 N.E.2d 914 (1994). The Ohio Supreme Court has declared that "'[f]inality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values.'" *Strack* at 175, quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 144-145, 493 N.E.2d 1353 (1986). Viola has failed to sustain his burden of asserting facts entitling him to relief and Viola's Civ.R. 60(B) motion fails to set forth an injustice so great that demands a departure from the constraints of res judicata.

### III. Conclusion

{¶21} The Court holds that neither Viola's motion nor additional material establishes that Viola has a meritorious claim to present if the Court were to grant the relief that Viola seeks. The Court further holds that Viola's motion and additional material do not contain allegations of operative facts that warrant relief under Civ.R. 60(B). The Court denies Viola's Civ.R. 60(B) motion, including Viola's request for a hearing.

PATRICK E. SHEERAN
Judge

[Cite as *Viola v. N. Royalton*, 2021-Ohio-3239.]

| | |
|---|---|
| ANTHONY VIOLA | Case No. 2020-00477PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | ENTRY |
| CITY OF NORTH ROYALTON | |
| Respondent | |

{¶22} For reasons set forth in the Decision filed concurrently herewith, the Court DENIES Requester's motion for relief from judgment pursuant to Civ.R. 60(B). Court costs associated with Requester's Civ.R. 60(B) motion are assessed to Requester.


PATRICK E. SHEERAN
Judge


Filed August 31, 2021
Sent to S.C. Reporter 9/17/21