JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff, Charles O. Barnes, appeals the trial court's granting of a motion to dismiss with prejudice plaintiff's original complaint. Plaintiff further appeals the trial court's subsequent decision, sua sponte, to dismiss with prejudice his amended complaint.
 {¶ 2} While he was an employee of the City of Beachwood, Ohio, plaintiff was involved in a dispute with a co-worker. The City and its Assistant Law Director, Paul Levin, turned the matter over to Beachwood City Prosecutor Thomas Greve, who charged plaintiff with the crime of aggravated menacing. A jury acquitted plaintiff of the charged crime. Following his acquittal, plaintiff filed the case at bar, alleging in his original complaint that defendants City of Beachwood and Paul Levin had instigated the criminal prosecution of plaintiff with malice and without probable cause and that the malicious prosecution caused injury to plaintiff.
 {¶ 3} Defendants filed a motion to dismiss plaintiff's complaint with prejudice.[1] After granting plaintiff two extensions of time to respond to the motion to dismiss, the trial court granted a third and explicitly final extension, giving plaintiff until August 19, 2005, to file a response. On August 22nd, three days after the deadline, plaintiff still had not responded to the motion to dismiss; instead, he filed an amended complaint and a motion for an order declaring defendants' motion to dismiss moot.
 {¶ 4} In his amended complaint, plaintiff alleged that his co-workers had harbored animosity toward him and had falsely accused him of attempting to run over some of the co-workers with a truck. Plaintiff further alleged that defendant Levin had ordered, with malicious purpose, the preparer of the incident report to alter the report, specifically, by omitting the fact "that the co-worker who was allegedly the target of plaintiff had threatened plaintiff the day before the incident." The report in question was turned over to the city prosecutor and, the amended complaint alleged, plaintiff was subsequently charged, without probable cause, with aggravated menacing.
 {¶ 5} On August 30, 2005, the trial court granted, without opinion, defendants' motion to dismiss the original complaint with prejudice. The court made no ruling as to plaintiff's amended complaint. On August 31, 2005, the court denied plaintiff's motion to declare defendants' motion to dismiss as moot and, again, entered no ruling regarding plaintiff's amended complaint.
 {¶ 6} On September 1, 2005, the defendants filed a motion to strike the amended complaint or, "in the alternative renew their Motion to Dismiss and incorporate the arguments and law presented herein." On September 9, 2005, according to the court docket, the court denied, without opinion, defendants' motion to strike but made no mention of the alternative motion to dismiss the amended complaint. On September 13, 2005, according to the court docket, upon its "own motion and upon consideration of the pleadings," the court dismissed, without opinion, plaintiff's amended complaint with prejudice.
 {¶ 7} Plaintiff filed this timely appeal, in which he presents a single assignment of error:
THE TRIAL COURT ERRED BY GRANTING THE MOTION TO DISMISS AND BY DISMISSING THE AMENDED COMPLAINT.
 {¶ 8} Plaintiff argues that the trial court erred in dismissing his original complaint with prejudice because his amended complaint constituted a timely response that rendered the defendants' motion to dismiss moot. Plaintiff further argues that the subsequent sua sponte dismissal of his amended complaint was error.
 {¶ 9} A party has the absolute right, pursuant to Civ.R. 15(A), to amend a pleading once, without leave of the trial court, at any time before a responsive pleading has been filed.Newton v. Jones (1984), 13 Ohio App.3d 449. The Ohio Supreme Court has made clear that a pending motion to dismiss is not a responsive pleading. State ex rel. B C Machine Co. v. Indus.Comm. (1992), 65 Ohio St.3d 538, 549. An amended pleading, once properly filed, replaces the original complaint. 4 Harper, Anderson's Ohio Civil Practice (1987) 528, Section 156.04.
 {¶ 10} This court by no means condones plaintiff's failure to comply with the trial court's clear and final deadline for the filing of a response to the defendants' motion to dismiss the original complaint. Plaintiff's amended complaint, however, filed three days after such deadline, was nonetheless timely filed pursuant to Civ.R. 15(A), because the defendants had not filed a responsive pleading and the trial court had not yet decided the defendants' motion to dismiss.
 {¶ 11} It is unclear from the record before us whether the trial court dismissed the original complaint pursuant to Civ.R. 41(B)(1) because plaintiff failed to comply with the final deadline for filing a response, or whether the trial court reached the merits of the motion to dismiss pursuant to Civ.R. 12(B)(6) and found that plaintiff had failed to state a claim. Either way, the trial court's order granting dismissal of the original complaint with prejudice, rendered after plaintiff hadfiled a timely amended complaint, was improper because the original complaint was no longer before the court and the defendants' motion to dismiss the complaint, along with plaintiff's failure to comply with the court-ordered deadline to file a response, was thus rendered moot.[2]
 {¶ 12} The next question, then, is the propriety of the trial court's subsequent sua sponte dismissal of plaintiff's amended complaint with prejudice.
 {¶ 13} Preliminarily, as defendants correctly argue, a trial court may dismiss a complaint, sua sponte, if the complaint is either frivolous or the pleading party clearly could not prevail on the facts alleged in the complaint. State ex rel. Kreps v.Christiansen (2000), 88 Ohio St.3d 313, 316. Thus the trial court here properly exercised its discretion in sua sponte reviewing the merits of the amended complaint.[3]
 {¶ 14} When considering a motion to dismiss, a trial court is required to assume that all the facts alleged in a complaint are true, and it must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192. Indeed, for a trial court to properly dismiss a complaint for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ.Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245. Because all facts alleged in the complaint are presumed true under a 12(B)(6) analysis, only questions of law are presented and we thus review de novo the dismissal of a complaint for failure to state a claim. Hunt v. Marksman Prod. (1995),101 Ohio App.3d 760, 762.
 {¶ 15} Taking the additional, particularized facts as alleged by plaintiff in his amended complaint as true, and construing such facts in the light most favorable to plaintiff, we nonetheless find that plaintiff's malicious prosecution and intentional infliction of emotional distress claims cannot survive the defendants' immunity arguments as a matter of law.
 {¶ 16} As the Ohio Supreme Court has held, under R.C.2744.02, political subdivisions are immune from intentional torts. Wilson v. Stark Cty. Dept. of Human Services (1994),70 Ohio St.3d 450. The City of Beachwood, a political subdivision under R.C. 2744.01(F), was thus clearly immune from plaintiff's claims of malicious prosecution and intentional infliction of emotional distress, both intentional torts.[4]
 {¶ 17} While employees of a political subdivision may, pursuant to R.C. 2744.03(B)(6), be stripped of their immunity if the act in question was committed "in bad faith, or in a wanton or reckless manner," the doctrine of absolute privilege
protects any person who makes a statement or submits an affidavit to a prosecutor for the purpose of reporting the commission of a crime — even if the statements are false, and are made in bad faith with knowledge of their falsity and with actual malice.M.J. DiCorpo, Inc. v. Sweeney (1994), 69 Ohio St.3d 497, 505.
 {¶ 18} In DiCorpo, the Ohio Supreme Court explicitly held that
the doctrine of absolute privilege for statements made in a judicial proceeding applies in circumstances where, as here, an affidavit or statement is submitted to a prosecutor for purposes of reporting the commission of a crime. As a matter of public policy, extension of an absolute privilege under such circumstances will encourage the reporting of criminal activity by removing any threat of reprisal in the form of civil liability. This, in turn, will aid in the proper investigation of criminal activity and the prosecution of those responsible for the crime.
Id.
 {¶ 19} Other appellate courts of this state have consistently found that the decision in DiCorpo "provided an absolute privilege against civil liability in an action for malicious prosecution to one who presented information to a prosecutor which resulted in criminal proceedings." Fair v. LitelCommunication, Inc. (Mar. 12, 1998), Franklin App. No. 97APE06-804, 1998 Ohio App. LEXIS 930; see also Lee v. City ofUpper Arlington, Franklin App. No. 03AP-132, 2003-Ohio-7157;Brown v. Chesser (Jan. 16, 1998), Vinton App. No. 97CA510, 1998 Ohio App. LEXIS 352; Haller v. Borror (Aug. 8, 1995), Franklin App. No. 95APE01-16, 1995 Ohio App. LEXIS 3312.
 {¶ 20} Here, too, the doctrine of absolute privilege extended to defendant Levin who, in his capacity as an assistant law director for the City of Beachwood, oversaw the writing of the report submitted to the city prosecutor for the purpose of reporting a possible crime. Even if, as alleged, defendant Levin knowingly and maliciously ordered the report's preparer to omit plaintiff's version of events from the final report submitted to the prosecutor, the decision to charge plaintiff with a crime was ultimately within the sole discretion of the prosecutor, and defendant Levin was not the party who instituted the criminal proceedings against plaintiff. See Robbins v. Fry, (1991),72 Ohio App.3d 360, 363, citing Archer v. Cachat (1956),165 Ohio St. 286, 288 ("if an informer merely provides a statement of his belief of criminal activity and leaves the decision to prosecute entirely to the uncontrolled discretion of the prosecutor, or if the prosecutor conducts an independent investigation or prosecutes for an offense other than the one charged by the informer, the informer is not regarded as having instituted the criminal proceedings").
 {¶ 21} Therefore, because plaintiff failed to state a cause of action that could overcome the defendants' immunity claims, the trial court's sua sponte order dismissing the amended complaint with prejudice was proper and is hereby affirmed.
Judgment accordingly.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Gallagher, J., concur.
[1] Defendants argued, pursuant to Civ.R. 12(B)(6), that plaintiff's complaint failed to state a claim, primarily because they had sovereign immunity under the provisions of R.C. 2744.
[2] We apply an abuse of discretion standard when we review a trial court's decision, pursuant to Civ.R. 41(B)(1), to dismiss a complaint with prejudice. Quonset Hut v. Ford Motor Co. (1997),80 Ohio St.3d 46, 47. It may be true that, had the court granted the motion to dismiss with prejudice on August 19th, the date upon which plaintiff failed to meet the court's final deadline, the trial court's order might withstand an abuse of discretion review given plaintiff's failure to file a response despite a hard and final deadline. Likewise, if the court had, on August 19th, granted the motion to dismiss for failure to state a claim, a de novo review might support the court's dismissal pursuant to Civ.R. 12(B)(6). The timely filing of the amended complaint, however, rendered both grounds for dismissal moot.
[3] According to the defendants, on September 1, 2005, they filed a motion to strike the amended complaint or, in the alternative, to dismiss the amended complaint for failure to state a claim. The trial court docket information sheet indicates that on September 9, 2005, the court denied the motion to strike plaintiff's amended complaint, but is silent as to a ruling on the alternative motion to dismiss. Thus, the court's sua sponte dismissal, four days later, of the amended complaint, "on [its] own motion and upon consideration of the pleadings," would indicate that the court overlooked and did not rule upon the defendants' alternative motion to dismiss.
[4] The only exceptions to this cloak of immunity for political subdivisions are clearly enumerated in R.C. 2744.02(B)(1-5), and none of the delineated exceptions apply to the instant case.