{¶ 90} I concur in the majority's analysis and disposition of appellants' fourth, fifth, sixth and seventh assignments of error.
 {¶ 91} However, I respectfully disagree with the majority's analysis and disposition of appellants' first, second and third assignments of error.
 {¶ 92} The majority, in its analysis and disposition of appellants' first assignment of error, finds that the trial court erred in granting summary judgment to appellees Republic and Vandersall on appellants' malicious prosecution claim.
 {¶ 93} Based on my review of the record, I would find that appellants failed to present evidence establishing that appellees Republic and Vandersall either instituted or continued appellants' criminal prosecution. Appellees Republic and Vandersall, in support of their Motion for Summary Judgment, attached an affidavit from Frank Forchione, who was head prosecuting attorney for the City of Canton on November 1, 2004. Forchione, in his affidavit, stated, in relevant part, as follows:
 {¶ 94} "5. Following the arrest and summons of Richard and Linda Harvey, respectively, I received from the Stark County Sheriff's Office an incident report describing the events of November 1, 2004, that led to the arrest and summons. I also received from the Stark County Sheriff's Office criminal trespass complaints against Richard and Linda Harvey which were signed and sworn by Deputy Darin Baad. Copies of the complaints are attached hereto as Exhibit A.
 {¶ 95} "6. Based upon my own independent investigation as well as my review of the incident report and criminal trespass complaints, the Canton City Prosecutor's Office *Page 31 
prosecuted Richard and Linda Harvey for criminal trespassing in connection with the events of November 1, 2004.
 {¶ 96} "7. The decision to prosecute Richard and Linda Harvey for criminal trespass was within my sole and uncontrolled discretion. The Canton City Prosecutor's Office prosecuted Richard and Linda Harvey independently and without any influence, pressure, persuasion or involvement from the owner of the private property, Republic Services of Ohio II, LLC, from the general manager of Countywide Landfill, Tim Vandersall, or from any other party.
 {¶ 97} "8. Further, at the time I made the independent decision to prosecute Richard and Linda Harvey, I was unaware of any desire on the part of Republic Services of Ohio II or Mr. Vandersall to have criminal proceedings initiated against Richard and Linda Harvey. Indeed, at no time did Republic Services of Ohio II or Mr. Vandersall make a request for the prosecution of Richard and Linda Harvey.
 {¶ 98} "9. After Richard and Linda Harvey were charged by the Canton City Prosecutor's Office with criminal trespassing and up to and including the time of the trial of Richard and Linda Harvey, the Canton City Prosecutor's Office continued the prosecution of Richard and Linda Harvey independently and without any influence, pressure, persuasion or involvement from the owner of the private property, Republic Services, II, LLC, from the general manager of Countywide Landfill, Tim Vandersall, or from any other party."
 {¶ 99} I would find that Forchione's exercise of discretion as to how to proceed after conducting his own independent investigation "negates any suggestion that [Republic and Vandersall] played any role other than as informers or witnesses." Bacon *Page 32 v. Kirk (Oct. 31, 2000), Allen App. No. 1-99-33, 2000 WL 1648925 at 19. Moreover, there is no evidence in the record to support an inference that appellees' "desire to have the proceedings initiated expressed by direction, request or pressure of any kind was the determining factor in the [prosecutor's] decision to commence prosecution." Archer, supra at 288.[3]
 {¶ 100} I would find, therefore, that the trial court did not err in granting summary judgment on the malicious prosecution claim and, on such basis, would overrule appellants' first assignment of error.
 {¶ 101} I also respectfully disagree with the majority's conclusion, with respect to appellants' second and third assignments of error, that the trial court erred by granting summary judgment to appellees' Republic and Vandersall on appellants' false arrest claim.
 {¶ 102} Appellants, in their brief, argue that there was evidence that appellees Republic and Vandersall requested and/or directed that appellants be arrested and that appellees Republic and Vandersall induced the deputies to make the arrest. However, *Page 33 
when questioned, Deputy Baad testified that appellant Richard Harvey was arrested because he refused to leave after being asked to do so by the deputies, not because appellee Republic asked the Deputy to arrest Mr. Harvey. According to Deputy Baad, the arrest was the result of appellant's refusal to submit to the authority of law enforcement. Moreover, appellant Richard Harvey testified, during his own deposition, that the police told him that their supervisors had directed them to arrest him and that he believed that this was the case. He further testified that he was never told that he was being arrested because appellee Vandersall or someone from appellee Republic ordered the deputies to arrest him. When asked whether he had any evidence that appellee Vandersall or any Republic employee directed the deputies to arrest him on the day in question, appellant indicated that he did not. Deposition of Richard Harvey at 116, 119. Furthermore, appellee Vandersall, in appellee Republic's answers to appellants' interrogatories, stated that he did not ask the deputies to issue a summons or to arrest appellants.
 {¶ 103} Based on the foregoing, I would find that the trial court did not err in finding that appellants failed to produce evidence that appellees Republic and Vandersall requested or directed the deputies to arrest appellants. As noted by such appellees, the evidence shows that the deputies made the decision to arrest appellant Richard Harvey based on the advice of their supervisor and not at the direction of appellees.
 {¶ 104} As noted by the majority, appellants maintain that appellees Republic and Vandersall falsely told the deputies that all visitors to the landfill were required to sign the waiver that appellants refused to sign when such appellees knew this was false. *Page 34 
Appellants note that such appellees, in their responses to discovery, stated that they did not require inspectors from the Ohio EPA, the Canton Health Department, and the Stark County Health Department to sign waivers.
 {¶ 105} However, even assuming that such information was false, I believe that appellees would still be entitled to summary judgment on appellants' false arrest claim because there is no evidence that such information caused the arrest. While, based on such information, the deputies issued a summons to appellants, the decision to arrest appellant Richard Harvey was based on his refusal to leave the landfill after being requested to do so by the deputies. As is stated above, Deputy Baad testified that appellant Richard Harvey was arrested because he would not submit to the authority of law enforcement after being asked to leave numerous times. Deputy Kennedy, in his affidavit, stated that whether or not appellee Republic required all or only some visitors to sign waiver and release forms "was not a factor on our decision to issue a summons to the Harvey's and to arrest Richard Harvey." Affidavit of Deputy Kennedy at paragraph 7. There is no evidence that appellants were arrested based on such allegedly false information.
 {¶ 106} In short, I would find that there are no genuine issues of material fact and that the trial court did not err in granting summary judgment in favor of *Page 35 
appellees Republic and Vandersall on appellants' false arrest claim. On such basis, I would, therefore, overrule appellants' second and third assignments of error. *Page 36 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed in part; reversed in part; and the case remanded for further proceeding in accordance with our opinion and the law. Cost to be divided equally between Appellants (50%) and Appellees Republic and Vandersall (50%).
[3] See also, Barnes v. Beachwood, Cuyahoga App. No. 87100,2006-Ohio-3948. In such case, the plaintiff, a city employee was involved in a dispute with a co-worker. The City Law Director, Paul Levin, turned the matter over to the Beachwood City Prosecutor, who charged the plaintiff with the crime of aggravated menacing. After he was acquitted, the plaintiff filed a suit alleging that the City of Beachwood and Paul Levin had initiated the criminal prosecution of plaintiff with malice. After the trial court dismissed his complaint, the plaintiff appealed. The Eighth District Court of Appeals, in its decision, stated, in relevant part, as follows: "Here, too, the doctrine of absolute privilege extended to defendant Levin who, in his capacity as an assistant law director for the City of Beachwood, oversaw the writing of the report submitted to the city prosecutor for the purpose of reporting a possible crime. Even if, as alleged, defendant Levin knowingly and maliciously ordered the report's preparer to omit plaintiff's version of events from the final report submitted to the prosecutor, the decision to charge plaintiff with a crime was ultimately within the sole discretion of the prosecutor, and defendant Levin was not the party who instituted the criminal proceedings against plaintiff. See Robbins v. Fry, (1991), 72 Ohio App.3d 360, 363, 594 N.E.2d 700, citing Archer v. Cachat (1956), 165 Ohio St. 286, 288, 135 N.E.2d 404
(`if an informer merely provides a statement of his belief of criminal activity and leaves the decision to prosecute entirely to the uncontrolled discretion of the prosecutor, or if the prosecutor conducts an independent investigation or prosecutes for an offense other than the one charged by the informer, the informer is not regarded as having instituted the criminal proceedings')." *Page 1