[Cite as *Daher v. Cuyahoga Community College Dist.*, 2021-Ohio-2103.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

GEORGE DAHER,                          :

    Plaintiff-Appellant,          :

                              No. 109719

v.                                     :

CUYAHOGA COMMUNITY                     :
COLLEGE DISTRICT, ET AL.,

                              :

    Defendants-Appellees.

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 24, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-852177

---

### *Appearances:*

The Pattakos Law Firm L.L.C., Peter Pattakos, and Rachel Hazelet, *for appellant.*

Roetzel and Andress, L.P.A., and Barry Y. Freeman, *for appellees.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, Amici, *for appellees.*

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant George Daher ("Daher") appeals the trial court's decision to grant defendants Beverly Bankston ("Bankston"), Ronald Wynne ("Wynne"), Clayton Harris ("Harris"), and Cuyahoga Community College District's ("Tri-C") (collectively "Defendants") motion for judgment on the pleadings pursuant to Civ.R. 12(C). For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} Daher appeals the trial court's judgment granting Defendants' motion for judgment on the pleadings. The following facts were established in *Daher v. Cuyahoga Cty. Community College Dist.*, 2017-Ohio-751, 85 N.E.3d 1048, ¶ 2-8 (8th Dist.) ("Daher I"):

> Daher was employed by Cuyahoga Community College District from September 2012 to April 2015. The events that led up to and resulted in his termination formed the basis for subsequent criminal and civil proceedings in the Cuyahoga County Court of Common Pleas. It is undisputed that the court reporter is not a party to the civil action from which the instant appeal arose.
>
> In Cuyahoga C.P. No. CR-15-599959, the Cuyahoga County Grand Jury returned an indictment in October 2015 charging Daher with two counts of unauthorized use of property — computer, cable, or telecommunication property, in violation of R.C. 2913.04. A second indictment was issued in December 2015 charging Daher with 24 counts of unauthorized use of property. The trial court granted the state's motion to dismiss the case without prejudice on February 3, 2016. On March 15, 2016, the trial court amended its judgment entry and dismissed the case with prejudice. The trial court ordered the record of Daher's criminal case to be sealed pursuant to R.C. 2953.52.[1]

---

[1] The prosecutors in this case opposed the motion to seal the record and appealed to this court alleging the trial court erred dismissing an indictment with prejudice at an expungement hearing. *State v. G.D.*, 8th Dist. Cuyahoga Nos. 104317

In Cuyahoga C.P. No. CV-15-852177, Daher filed a civil complaint against the college and Beverly Bankston, an administrative lieutenant with the campus police and security services, on October 6, 2015. Daher asserted claims for public policy violations, discrimination, retaliation, and intentional interference with prospective employment. Daher amended his complaint on April 21, 2016, to add a malicious prosecution claim. Specifically, Daher alleged that defendants maliciously instituted the criminal proceedings against him by filing a false, defamatory, and incomplete complaint to the Cuyahoga County Prosecutor's Office for the purpose of retaliating against him. Daher further alleged that the criminal prosecution was not supported by probable cause.

On May 5, 2016, Daher filed a subpoena ordering the court reporter to produce "all transcripts, notes & exhibits from grand jury proceedings" pertaining to his criminal prosecution. The court reporter filed motions to quash Daher's subpoena and for a protective order, arguing that (1) grand jury proceedings are secret, (2) the requested materials were privileged, and (3) that Daher failed to demonstrate a particularized need for disclosure that outweighed the need for secrecy.

In opposing the court reporter's motions to quash the subpoena and for a protective order, Daher argued that he needed the grand jury materials to overcome the presumption that probable cause existed to prosecute him, establish the elements of his malicious prosecution claim, and to impeach Lieutenant Ronald Wynne of the college's campus police and security services. Daher further asserted that the motions were "a transparent attempt to prevent the discovery of potentially perjur[i]ous testimony that is directly relevant to [Daher's] malicious prosecution claims[.]"

On July 15, 2016, the trial court held the court reporter's motions to quash and for a protective order in abeyance and ordered the court reporter to produce the grand jury materials requested in Daher's subpoena to the court for an in-camera inspection.

This court dismissed the court reporter's appeal, reasoning that until the trial court

compelled disclosure of the subpoenaed materials, there was no final appealable

---

and 104328, 2016-Ohio-8148, ¶ 28. This court affirmed the trial court, finding the state's appeal to be frivolous with no real question for review. *Id.* at ¶ 28.

order.  *Id.* at ¶ 24.  The court reporter appealed this dismissal to the Ohio Supreme Court, which affirmed this court's decision.  *Daher v. Cuyahoga Community College Dist.,* 155 Ohio St.3d 271, 2018-Ohio-4462, 120 N.E.3d 830, ¶ 16 ("Daher II").

{¶ 3} On November 15, 2019, Daher filed an unopposed motion to file a second amended complaint in which he removed the national origin discrimination, retaliation, and tortious interference claims, maintained the malicious prosecution claim, and added a claim for malicious attempt to influence public officials pursuant to R.C. 2921.03.  On November 27, 2019, the trial court granted leave and deemed the second amended complaint filed as of November 25, 2019.  The same day, Defendants filed their motion for judgment on the pleadings.  Daher filed his brief in opposition on December 9, 2019, and Defendants' reply brief was filed on December 13, 2019.

{¶ 4} On May 1, 2020, the trial court granted Defendants' motion for judgment on the pleadings.  The court stated that:

> [A]fter construing the complaint and answer in the light most favorable to the plaintiff, and accepting all of its factual allegations as true, [the court] finds that the plaintiff can prove no set of facts in support of the claims that would entitle them to relief.

> The court finds that grand jury testimony and statements to prosecutors are absolutely immune from civil liability. *See, MJ Dicorpo v. Sweeney*, 69 Ohio St.3d 497, 505, 1994-Ohio-316. Further, plaintiff is not entitled to relief under R.C. 2921.03 as he was not criminally convicted. Therefore, judgment is rendered in favor of defendant and against plaintiff

On May 12, 2020, Daher filed his notice of appeal from this judgment.  In this appeal, Daher presents two assignments of error:

I. The trial court wrongly dismissed Plaintiff/Appellant's malicious prosecution claim on the pleadings based on an erroneous application of *M.J. DiCorpo v. Sweeney*, 69 Ohio St.3d 497,1994-Ohio-316, 634 N.E.2d 203 (1994) in holding that Defendants/Appellees were immune from civil liability despite allegedly having made knowingly false statements calculated to frame Appellant for a crime, thereby causing the institution of baseless criminal proceedings against him.

II. The trial court wrongly dismissed Plaintiff/Appellant's claim under R.C. 2921.03 because, contrary to the trial court's holding and as recently affirmed by The Supreme Court of Ohio, the statute does not require an underlying criminal conviction as a prerequisite for civil liability.

After both parties had filed briefs, the Cuyahoga County Prosecutor's office filed a motion for leave to appear in the case and filed an Amicus Curiae brief in support of Defendants. The motion was unopposed and granted.

**LAW AND ANALYSIS**

{¶ 5} Both of Daher's assignments of error center around the trial court's granting of Defendants' motion for judgment on the pleadings pursuant to Civ.R. 12(C). First, Daher argues the trial court improperly applied Ohio law by dismissing his malicious prosecution claim because it found defendants immune from civil liability. He then argues the dismissal of his claim for intimidation pursuant to R.C. 2921.03 was improper because the trial court incorrectly found a criminal conviction was required to succeed on this second claim. Defendants counter that the trial court's dismissal was proper for both of Daher's claims because the statements they made to the prosecutor and/or grand jury, which are the basis for Daher's two claims, are protected by absolute immunity. Defendants argue that, even if Daher does not require a criminal conviction to succeed on his intimidation claim, the trial

court's dismissal was still proper because their absolute immunity bars that claim as well.

**{¶ 6}** We review a ruling on a motion for judgment on the pleadings de novo. *Matthews v. United States Bank Natl. Assn.*, 8th Dist. Cuyahoga No. 105315, 2017-Ohio-7079, ¶ 8, citing *Thornton v. Cleveland,* 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states: "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C) motions are specifically designed for resolving questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). "Civ.R. 12(C) presents an onerous burden for litigants and consequently, a trial court must be circumspect in its analysis of Civ.R. 12(C) motions." *Business Data Sys. v. Figetakis*, 9th Dist. Summit No. 22783, 2006-Ohio-1036, ¶ 10.

**{¶ 7}** "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *Id.*, quoting *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. When ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and answer. *Thornton*, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569, 1996-Ohio-459, 664 N.E.2d 931.

{¶ 8} Under Civ.R. 12(C), a "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Chromik v. Kaiser Permanente*, 8th Dist. Cuyahoga No. 89088, 2007-Ohio-5856, ¶ 8, citing *Pontious*. "Thus, the granting of a judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability." *Id.*, citing *Walters v. First Natl. Bank of Newark*, 69 Ohio St.2d 677, 433 N.E.2d 608 (1982).

{¶ 9} Therefore, for trial court's 12(C) dismissal of Daher's second amended complaint to be proper, even assuming the allegations in his complaint to be true, it must be found that as a matter of law Daher cannot succeed on his claims against Defendants. *Chromik* at ¶ 8, citing *Pontious*. Because the standard of review for a 12(C) is de novo, we will review Daher's complaint, construe all material allegations in it as true and all reasonable inferences in Daher's favor. Then we will assess each count individually to decide whether, beyond a doubt, Daher can prove no set of facts to support these two claims to be entitled to relief as a matter of law.

## A. Malicious Prosecution Claim

{¶ 10} Count 1 of Daher's complaint alleges a malicious prosecution claim. Specifically, it alleges, "Defendants Bankston, Wynne, and Harris maliciously instituted [plaintiff's] criminal prosecution by making a false, defamatory and misleadingly incomplete complaint to the Cuyahoga County Prosecutor for the

purpose of retaliating" against him and that Tri-C is responsible for this wrongful conduct because it had knowledge of, promoted, or consented to these actions.

{¶ 11} We note at the onset that malicious prosecution claims are not favored at law because they "act as a restraint upon the right to resort to the courts for lawful redress." *Froehlich v. Ohio Dept. of Mental Health*, 114 Ohio St.3d 286, 2007-Ohio-4161, 871 N.E.2d 1159, ¶ 9, quoting *Guy v. McCartney*, 7th Dist. Jefferson No. 00 JE 7, 2002-Ohio-3035, ¶ 18. "Public policy supports this position in order that criminal investigations are not discouraged and that those who cooperate with law enforcement are protected." *Id.*

{¶ 12} To be able to succeed on a claim for malicious prosecution, Daher must be able to prove: (1) malice in initiating or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146, 559 N.E.2d 732 (1990); *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287, 2021-Ohio-206, ¶ 64, citing *Frazier v. Clinton Cty. Sheriff's Office*, 12th Dist. Clinton No. CA2008-04-015, 2008-Ohio-6064, ¶ 14. "The absence of probable cause is the gist of an action for malicious prosecution, and malice may be inferred from the absence of probable cause." *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287, 2021-Ohio-206, ¶ 64, quoting *Brand v. Geissbuhler*, 8th Dist. Cuyahoga No. 70565, 1997 Ohio App. LEXIS 709, 14 (Feb. 27, 1997).

{¶ 13} Under Ohio law, a "private person who initiates or procures the institution of criminal proceedings against another is not subject to liability unless

the person against whom the criminal proceedings were initiated proves all * * * of the above-listed elements" of malicious prosecution. *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287, 2021-Ohio-206, ¶ 65, quoting *Ash v. Ash*, 72 Ohio St.3d 520, 522, 651 N.E.2d 945 (1995).

{¶ 14} The Ohio Supreme Court has held that the initiation of criminal proceedings, the first element of a malicious prosecution claim, begins with an informal complaint to a prosecuting attorney. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 506, 634 N.E.2d 203 (1994). However, the Ohio Supreme Court has also held that these statements, which initiate criminal proceedings, are protected pursuant to the doctrine of absolute privilege in a "judicial proceeding." ("We hold that an affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding.") *DiCorpo* at ¶ 24.

{¶ 15} The "doctrine of absolute privilege protects any person who makes a statement or submits an affidavit to a prosecutor for the purpose of reporting the commission of a crime — even if the statements are false and are made in bad faith, with knowledge of their falsity and with actual malice." *Barnes v. Beachwood*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3948, ¶ 17, citing *DiCorpo,* (holding "the doctrine of absolute privilege for statements made in a judicial proceeding applies in circumstances where, as here, an affidavit or statement is submitted to a prosecutor for purposes of reporting the commission of a crime"). *Id.* at ¶ 19. The informant is protected by this absolute privilege against civil liability for those

statements made reporting the actual or possible commission of a crime to the prosecuting attorney, "which bear some reasonable relation to the activity reported." *Id.*

{¶ 16} In *Barnes*, this court upheld the trial court's sua sponte dismissal of the plaintiff's amended complaint with prejudice where the plaintiff alleged claims of malicious prosecution and intentional infliction of emotional distress against the city of Beachwood and various employees. *Barnes* at ¶ 15. The plaintiff, a city employee, had a dispute with a coworker that led the city and its law director to turn the matter over to the city prosecutor who charged the plaintiff. *Id.* at ¶ 2. The law director had overseen the writing of the report submitted to the prosecutor. *Barnes* at ¶ 20. This court found that even when construing the facts in the light most favorable to the plaintiff, the malicious prosecution claim failed as a matter of law because plaintiff could not overcome the doctrine of absolute privilege. *Id.* at ¶ 15. This court held that the doctrine protected the law director for statements made in the report, even if knowingly and maliciously ordered, because "the decision to charge the plaintiff with a crime was ultimately within the sole discretion of the prosecutor" who instituted the criminal proceedings against the plaintiff. *Id.* at ¶ 20.

{¶ 17} Here, just like in *Barnes*, Daher is alleging in his complaint that his coworkers "maliciously instituted Plaintiff's criminal prosecution by making a false, defamatory and misleadingly incomplete complaint to the Cuyahoga County Prosecutor." Giving an affidavit, statement, or other information to a prosecutor

regarding the commission of a crime is the initiating of judicial proceedings. *DiCorpo,* 69 Ohio St.3d at 505, 634 N.E.2d 203. These statements are exactly the kind of statements the Ohio Supreme Court has protected by the doctrine of absolute privilege in a judicial proceeding and therefore, the persons making the statements are protected and immune from civil suit. *Barnes* at ¶ 17, citing *DiCorpo.*

{¶ 18} Daher, in his notice of supplemental authority filing, argues that the recent Ohio Supreme Court decision in *Reister v. Gardner*, Slip Opinion No. 2020-Ohio-5484, states that the litigation privilege does not apply to malicious prosecution claims. We disagree that the case stands for such a proposition. The opinion does reaffirm that "[t]he litigation privilege provides absolute immunity to parties, witnesses, lawyers, and judges from future lawsuits for statements made during and relevant to judicial proceedings." *Reister* at ¶ 8, citing *Erie Cty. Farmers' Ins. Co. v. Crecelius,* 122 Ohio St. 210, 171 N.E. 97 (1930), syllabus. However, the legal issue in *Reister* was that this privilege was being applied by the appellate court to immunize the actions of board members done during prior civil litigation, which the court held was a misapplication of this privilege. *Id.* at ¶ 9-10. The opinion also reaffirms that the statements to be protected must be relevant to judicial proceedings. *Id.* at ¶ 10. Specifically, the court held that the litigation privilege is applicable to statements that bear "some reasonable relation to the judicial proceeding in which" they appear. *Id.* at ¶ 14, quoting *Surace v. Wuliger*, 25 Ohio St.3d 229, 495 N.E.2d 939 (1986). The court clarified that the privilege is not applicable, however, to conduct that is simply connected in some way to litigation.

*Id.*, citing *Willitzer v. McCloud*, 6 Ohio St.3d 447, 449-450, 453 N.E.2d 693 (1983). Despite Daher's contention the opinion does not say anything about the privilege's applicability to allegedly false statements.

{¶ 19} However, this court has held that even if Defendants' statements were made in bad faith with knowledge of their falsity and with actual malice, the persons making these statements are protected against civil liability. *Barnes*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3948, at ¶ 17, citing *DiCorpo*. Daher's complaint puts forth no allegations that Defendants' statements to the prosecutor were not related to the activity reported, the activity being his allegedly improper use of the OHLEG and eOPOTA systems. Similarly, "it cannot be said that a statement bears no reasonable relation to the activity reported simply because it is false or made in bad faith. The absolute privilege applies regardless of these defects." *Foley v. Univ. of Dayton,* S.D.Ohio No. 3:15-cv-96, 2015 U.S. Dist. LEXIS 163888, 19 (Dec. 7, 2015), citing *DiCorpo*. Therefore, we hold that Defendants' statements to the Cuyahoga County prosecutors are statements made in a judicial proceeding such that the Defendants are entitled to absolute immunity for any cause of action regarding those statements.

{¶ 20} Therefore, even when construing all material facts and reasonable inferences in favor of Daher, he can prove no set of facts that would entitle him to relief pursuant to Count 1 of his complaint because the Defendants have absolute immunity from these claims. We, therefore, overrule his first assignment of error

and affirm the trial court's granting of Defendants' motion for judgment on the pleadings regarding this claim.

## B. R.C. 2921.03, Intimidation Claim

{¶ 21} Count 2 of Daher's complaint alleges Defendants violated R.C. 2921.03(A) and (C), intimidation. Specifically, it alleges that Defendants provided, "to the Cuyahoga County Prosecutor's Office materially false information concerning Plaintiffs lawful access to, and use of, OHLEG and eOPOTA, Defendants knowingly attempted to use a materially false and fraudulent writing with malicious purpose, in bad faith, and in a wanton and reckless manner." Daher alleges that by doing so, "Defendants intended to improperly influence and hinder officials of the County Prosecutor's Office in the discharge of their official duties," in violation of R.C. 2921.03.

{¶ 22} Daher's second assignment of error alleges that the trial court's judgment entry improperly dismissed Count 2 of his complaint solely because "he was not criminally convicted." Daher argues the recent Ohio Supreme Court decision in *Buddenberg v. Weisdack* 161 Ohio St.3d 160, 2020-Ohio-3832, 161 N.E.3d 603, that was published after the trial court's judgment entry, makes the trial court's entry contrary to law. We disagree that the trial court's dismissal for Daher's Count 2 was based solely on a lack of a criminal conviction because the court first found the defendants' statements to the prosecutors or grand jury were absolutely immune from civil liability. Similarly, we find nothing in the *Buddenberg* decision that changes Defendants' absolute immunity in this case.

{¶ 23} In *Buddenberg*, the plaintiff brought a civil rights action pursuant to federal and Ohio antidiscrimination laws against her former employer, the Geauga County Health District; her former supervisor, Geauga County Health Commissioner Robert K. Weisdack; the Geauga County Health District's attorney, James Budzik; and certain members of the Geauga County Board of Health. *Id.* at ¶ 3. Buddenberg's complaint also asserted claims for civil liability pursuant to R.C. 2307.60 for alleged violations of three criminal statutes: R.C. 2921.05 (retaliation); R.C. 2921.03 (intimidation); and R.C. 2921.45 (interfering with civil rights). *Id.* at ¶ 4. Relevant to this case, R.C. 2921.03 provides as follows:

> (A) No person, knowingly and by force, by unlawful threat of harm to any person or property, or by filing, recording, or otherwise using a materially false or fraudulent writing with malicious purpose, in bad faith, or in a wanton or reckless manner, shall attempt to influence, intimidate, or hinder a public servant, party official, or witness in the discharge of the person's duty.

> (B) Whoever violates this section is guilty of intimidation, a felony of the third degree.

> (C) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

{¶ 24} The defendants attempted to dismiss this claim, arguing Buddenberg could not state a claim for relief, because none of the defendants were criminally convicted of the underlying criminal offense under (A) such that civil liability could not subsequently be imposed under (C). *Id.* The court analyzed the plain language

in the statute and held that a criminal conviction is not a prerequisite for civil liability pursuant to this statute. *Id.* at ¶ 21. R.C. 2921.03(C) imposes civil liability on a "person who violates" the intimidation statute and does not explicitly limit this liability just to one who is found guilty of violating the statute under (A). *Id.* at ¶ 19.

{¶ 25} Contrary to Daher's allegations, however, the court's decision in *Buddenberg* is not determinative of whether he can succeed as a matter of law on his second claim. Daher's second amended complaint specifically states that the allegedly false information Defendants provided to the prosecutor is the entire basis of his claim that Defendants attempted to improperly influence and hinder county officials in violation of R.C. 2921.03. This is the same allegedly false information Defendants provided to the prosecutor that we held were made in a judicial proceeding such that the Defendants are entitled to absolute immunity for any cause of action regarding those statements. *Barnes*, 8th Dist. Cuyahoga No. 87100, 2006-Ohio-3948, at ¶ 17, citing *DiCorpo,* 69 Ohio St.3d at 505, 634 N.E.2d 203.

{¶ 26} Nothing in *Buddenberg* suggests that the doctrine of absolute privilege in a judicial proceeding does not apply to these claims. Similarly, Daher provides no legal authority to suggest it does not protect Defendants' statements in this case. The privilege is known to protect against any claim regarding the privileged statements including but not limited to malicious prosecution claims, defamation claims, intentional infliction of emotional distress, civil conspiracy, and aiding and abetting claims. *See Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, ¶ 44. There is no known exception to the application

of this absolute privilege, especially in the context of a civil claim for intimidation pursuant to R.C. 2921.03, and we decline to create such an exception here.

{¶ 27} Because these statements and thereby the Defendants that said them are protected with an absolute privilege, Daher will be unable to use their statements and reports to prove his claim. Without being able to point to statements or materials knowingly provided to the prosecutor's office to influence or intimate them, Daher will be unable to succeed on a claim for intimidation pursuant to R.C. 2921.03, as a matter of law. As such, the trial court's dismissal of this claim based on the Defendants' statements being absolutely immune from civil lability is proper and not contrary to law.

{¶ 28} Therefore, even when construing all material facts and reasonable inferences in favor of Daher, he can prove no set of facts that would entitle him to relief pursuant to Count 2. We therefore overrule his second assignment of error and affirm the trial court's granting of Defendants' motion for judgment on the pleadings.

{¶ 29} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR